# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NOELAIKYS LLANO DELGADO,

     Petitioner,

v.

                               Case No. 2:26-cv-02112-MIS-SCY

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; SIRCE OWEN, Acting Director of Executive Office for Immigration Review; and DORA CASTRO, Warden of Otero County Processing Center,

     Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Noelaikys Llano Delgado's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 1, 2026. Respondents Markwayne Mullin and Sirce Owen ("Federal Respondents"),[1] filed a Response on July 16, 2026, ECF No. 6.

Petitioner is a citizen of Cuba who entered the United States in February 2022 and was "not admitted or paroled after inspection." Pet. ¶ 15, ECF No. 1. Petitioner was released on her own recognizance and complied with all requirements. Id. ¶¶ 17-18. Petitioner filed an asylum application in August 2022 and an adjustment of status application in June 2023 after her mother's asylum application was approved. Id. ¶¶ 19-21. In July 2023 an IJ administratively closed her

---

[1] Respondent Dora Castro did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

removal proceedings during her adjustment of status proceedings. Id. ¶ 22. Petitioner was detained by ICE in June 2026 and has not been informed of any change in her circumstances that would warrant detention. Id. ¶¶ 24-26.

Petitioner challenges her detention on Fifth Amendment grounds and under the Administrative Procedures Act. Id. ¶¶ 30-67. Petitioner seeks an order blocking transfer during proceedings and an order granting release and restoring her previous conditions of release. Id. at 11.

Respondents argue for preservation purposes that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-2. Respondents acknowledge, however, "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court." Id. at 2 (citing ___ F.4th ___, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)) (footnote omitted). Respondents do not object to "a bond hearing" but do object to "immediate release." Id.

The Court finds this case falls under Santillan Quiroz. 2026 WL 1876709, *8. Section 1226(a) governs Petitioner's detention and she is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders her immediate release. See generally Resp., ECF No. 6.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1.    Petitioner Noelaikys Llano Delgado's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner from detention;

3.    Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4.    Respondents **SHALL NOT** impose any new condition of release;

5.    Respondents **SHALL** file a Notice of Compliance with this Order; and

6.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE